Pennsylvania Electric Company, Appellant, *v.* Morrison, Secretary of Commonwealth et al.

Argued May 27, 1946. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*John H. Fertig*, with him *Frank B. Quinn* and *English, Quinn, Leemhuis & Plate*, for appellant.

*William M. Rutter*, Deputy Attorney General, with him *James H. Duff*, Attorney General, for Secretary of State et al., appellee.

*Paul H. Rhoads*, with him *Weiss & Rhoads* and *Peelor & Feit*, for intervening appellees.

OPINION BY MR. JUSTICE JONES, June 25, 1946:

The question which the appellant raises is whether the incorporators of a proposed electric coöperative corporation must obtain and file with the Secretary of the Commonwealth a certificate of public convenience from the Public Utility Commission as a prerequisite to the issuance of a certificate of incorporation. The answer depends upon the interpretation to be given Secs. 32 and 38 of the Electric Coöperative Corporation Act of June 21, 1937, P. L. 1969, 14 P. S. §§ 282, 288, in conjunction with the limitation of the term "Public Utility" as defined by paragraph (17) (g) of Sec. 2 of the Public Utility Law of May 28, 1937, P. L. 1053, 66 P.S. § 1102 (17) (g).

The intervening individual defendants, as the incorporators, filed with the Secretary of the Common-

wealth articles of incorporation under the Act of June 21, 1937, cit. supra, for the incorporation of an electric coöperative to be known as Allegheny Electric Coöperative, Inc. The purpose of the proposed coöperative was "to engage in rural electrification on a non-profit basis" by following certain statutorily prescribed methods which the articles set forth. The plaintiff, a Pennsylvania public utility corporation, protested the incorporation, asserting that the proposed coöperative was a public utility and that a certificate of public convenience, as required by the Public Utility Law, cit. supra, was therefore necessary as a prerequisite to the incorporation. The Secretary of the Commonwealth overruled the protest and gave notice to the plaintiff that the certificate of incorporation would be issued within ten days. The plaintiff thereupon filed the bill, here involved, seeking to enjoin the Secretary of the Commonwealth and the Department of State from issuing the certificate in the absence of a certificate of public convenience. The defendants filed an answer raising preliminary objections to the bill as did also the incorporators who were permitted to intervene. The learned court below disposed of the matter on the bill and answers and entered a final decree dismissing the bill from which the plaintiff took this appeal.

Sec. 32 of the Electric Coöperative Corporation Act provides as follows: "All corporations organized under this act shall be exempt in any and all respects from the jurisdiction and control of the Pennsylvania Public Utility Commission of this Commonwealth."

Sec. 38 of the same Act prescribes that "This act is complete in itself and shall be controlling. The provisions of any other law of this Commonwealth, except as provided in this act, shall not apply to a corporation organized under this act."

From the foregoing statutory provisions, it is plainly evident that the legislature intended to exempt coöperatives, such as are authorized by the Electric Co-

öperative Corporation Act, from the jurisdiction and control of the Public Utility Commission. The appellant concedes as much but argues that the exemption attaches only in respect of actually incorporated and organized coöperatives and that, until that status is reached, the Public Utility Law intrudes to require of the incorporators of a coöperative a certificate of public convenience. The appellant urges that the proposed coöperative is a public utility in that, when incorporated, it would possess attributes such as are possessed by public utilities, e.g., the power to condemn private property for corporate uses and the right to place its poles and wires upon streets and highways of municipalities or other political subdivisions of the State. The answer to the appellant's contention is twofold.

In connection with the incorporation of a coöperative under the Electric Coöperative Corporation Act, Secs. 32 and 38 of that Act are alone sufficient to render inappropriate, and therefore unnecessary, the filing of a certificate of public convenience as in the case of a public utility. Granted, that the exemption from Commission jurisdiction and control provided by Sec. 32 of the Electric Coöperative Corporation Act and the exclusive office of that Act in regard to coöperatives, as declared by Sec. 38, specifically refer to "corporations organized under [that] act", how, it may be asked, could a coöperative be incorporated otherwise than by following the steps prescribed by the Electric Coöperative Corporation Act for such an incorporation? Among the steps so prescribed, no requirement of a certificate of public convenience from the Public Utility Commission is anywhere to be found. The differentiation, which the appellant strives to make, between incorporators, associated solely to achieve the incorporation of a coöperative, and the incorporated coöperative itself is tenuous to say the least. If given effect, it would make the Public Utility Law applicable to a coöperative in the first step towards its incorporation but not thereafter. Neither

476

the plain language nor the clear intent of the Electric Coöperative Corporation Act requires any such anomalous result. Nor may we produce it by construction: *Driskel v. O'Connor,* 339 Pa. 556, 563, 15 A. 2d 366; see Statutory Construction Act of May 28, 1937, P. L. 1019, Sec. 52(1), 46 P.S. § 552(1).

The further answer is that, no matter how similar a coöperative and a public utility may be in fact, a coöperative is *not* a public utility within the meaning of the Public Utility Law. Sec. 2(17)(g) of that statute expressly provides that "The term 'Public Utility' shall not include . . . (b) any bona fide coöperative association which furnishes service only to its stockholders or members on a non-profit basis; . . ." Such is the very character of coöperative association whose incorporation is authorized and prescribed by the Electric Coöperative Corporation Act. The proposed Allegheny Electric Coöperative, Inc. will be empowered, as the Act permits, to generate electric energy and to distribute and sell such energy to its *stockholders* or *members* on a *nonprofit basis.* Thus, it qualifies as a true coöperative and is therefore not a public utility as a matter of law: cf. *Philadelphia Association of Wholesale Opticians v. Public Utility Commission,* 152 Pa. Superior Ct. 89, 97, 98, 30 A. 2d 712. The Public Utility Law with its requirement of a certificate of public convenience, as a prerequisite to incorporation, has neither bearing nor influence upon the incorporation of a coöperative under the Electric Coöperative Corporation Act.

As the question here involved is simply one of interpreting a local statute whose words are plain and unambiguous, it is unnecessary for us now to review the interesting cases cited by both the appellant and the appellees from outside jurisdictions.

The decree is affirmed at the appellant's costs.